## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NADINE BECHTEL<br>c/o Attorney Michela Huth<br>PO Box 17<br>Bolivar, Ohio 44612<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF EASTLAKE, OHIO<br>35150 Lakeshore Blvd<br>Eastlake, OH 44095<br><br>and<br><br>JUDSON HAWKINS<br>35150 Lakeshore Blvd<br>Eastlake, OH 44095<br>*In his individual capacity*<br><br>       Defendants. | Case No.<br><br>JUDGE:<br><br><br>**VERIFIED COMPLAINT -<br>CIVIL RIGHTS ACTION<br>(42 U.S.C. § 1983);<br>TEMPORARY RESTRAINING ORDER'<br>AND PRELIMINARY AND PERMANENT<br>INJUNCTION**<br><br>**[JURY DEMAND ENDORSED HEREON]** |

COMES NOW, NADINE BECHTEL, and files her Complaint for Injunctive Relief against Defendants, City of Eastlake and its prosecutor, Judson Hawkins, in his individual capacity.

## PRELIMINARY STATEMENT

NADINE BECHTEL ("BECHTEL") seeks a temporary restraining order, and a preliminary and permanent injunction, to enjoin Defendants CITY OF EASTLAKE and JUDSON HAWKINS from delegating criminal prosecutions to private attorneys who are employed by a private entity, that has no humane agent employed by said entity. The illegal

delegation violates BECHTEL's rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

1.      This Complaint is brought pursuant to 43 U.S.C. § 1983.  This Court has jurisdiction to hear this case per 28 U.S.C. §§ 1331 and 1343.

2.      Plaintiff seeks permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

(a)      Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing parties pursuant to 42 U.S.C § 1983.

3.      Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C.§1988, which authorizes the award of attorney's fees and costs to prevailing parties pursuant to 42 U.S.C § 1983.

4.      Venue in the United States District Court for the Northern District of Ohio, Eastern Division is proper pursuant to 28 U.S. C. § 1391.

## JURY DEMAND

5.      Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff NADINE BETCHEL owns a cat named "Prince Michael."

7.      Defendant CITY OF EASTLAKE is an Ohio municipality located in Eastlake, Lake County, Ohio.

8.      Defendant JUDSON HAWKINS is the CITY OF EASTLAKE's criminal prosecutor.

9.      Neither the CITY OF EASTLAKE nor HAWKINS, in his official capacity, are subject to suit herein due to the immunity protections of the Eleventh Amendment.  However, HAWKINS as the final administrative decision maker, to the extent he has and continues to violate BECHTEL's constitutional rights by the actions or lack of actions he has taken, does so in his individual capacity and is liable for injunctive relief therefore, under the standard and exception enunciated by the U.S. Supreme Court in *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), and is sued herein solely in that capacity.

**FACTS**

10.      BECHTEL hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

11.      On May 2, 2019, the City of Eastlake and a private entity, Lake Humane Society, executed a search and seizure warrant at 36370 Vine Street, Eastlake, Ohio.

12.      This search warrant gave authority to "any humane agent or other Law Enforcement Officer of Lake County, Ohio" to search, and seize property, including live animals.

13.      An organization named Animal Rescue Center operates an animal rescue at the above Vine Street address.

14.      Among the animals seized was BECHTEL's cat "Prince Michael."

15.      On May 3, 2019 at 8:00 a.m., a probable cause hearing was held in the Willoughby Municipal Court.  *In re: 36370 Vine Street*, Case No. 19MIS 00001.

16.      Private attorneys, Jeffrey Holland and Danamarie Panella acted as state prosecutors at this May 3, 2019 probable cause hearing.

17.      Jeffrey Holland and Danamarie Pannella are employed by Lake Humane Society.

3

18.     Lake Humane Society is a not-for-profit corporation, which is headquartered and operates in, Lake County, Ohio.

19.     Lake Humane Society is an county humane society organized under Ohio Revised Code Section 1717.05.

20.     Lake Humane Society, at all times relevant to this Complaint, has not employed a humane agent.

21.     According to an email from a private attorney Jeffrey Holland to Plaintiff's attorney Michela Huth,

> [Jeffrey Holland" entered an appearance in this matter [Case No. 19MIS00001] pursuant to R.C. 2938.18, not [Defendant Judson] Hawkins.  Mr. Hawkins is in agreement with this arrangement.

(b)     According to the non-public docket[1] in the 19MIS00001 case, private attorney Jeffrey Holland is listed as the "prosecutor."

(c)     The non-public docket of 19MIS00001 also evidences that on May 8, 2019, Danamarie Panella, the "Pros. For Lake Humane Society", filed a Motion to Seal Search Warrant Affidavit,

22.     The CITY OF EASTLAKE has a chief legal officer name JUDSON HAWKINS, among whose duties include prosecuting crimes committed within the territorial jurisdiction of the CITY OF EASTLAKE.


### CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983
### Fourth Amendment Violations
### Unreasonable Seizure of Property

---

[1] The case docket for this MIS case is not publicly available online through the Court's record search feature, therefore Plaintiff's Attorney had to ask the Willoughby Municipal Court, multiple times, to provide the docket of the case.

23.     BECHTEL hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

24.     Defendants, acting under the color of state law, have, and will continue to retain seized animals in violation of BECHTEL's Fourth Amendment right to be free from unreasonable seizures of his property.

25.     BECHTEL has a property interest in her cat.

26.     HAWKINS has no authority to delegate prosecution of a criminal case to a private attorney employed by a private entity with no authority to prosecute for violations of criminal offenses, due to the fact that the private entity does not employ a humane agent.

27.     Defendants knew, or should have known, that their above-described conduct violated BECHTEL's property rights which are secured by the Fourth Amendment of the U.S. Constitution, in violation of 42 U.S.C. § 1983.

28.     BECHTEL has been damaged and harmed as a result of Defendants violating her Fourth Amendment right to be free from unreasonable seizures under the United States Constitution.

29.     All Defendants have acted under pretense and color of state law and in their official capacities and within the scope of their employment.  Said acts by said Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive BECHTEL of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment to the United States Constitution.

30.     BECHTEL has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies,

practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

31.     An actual controversy exists between the parties, and BECHTEL is suffering an ongoing and irreparable harm by Defendants' acts, and the harm will continue unless HAWKINS is enjoined from unlawfully delegating criminal prosecutions to private attorneys employed by a private entity with no power to prosecute.

32.     BECHTEL is entitled to her costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

**COUNT IV**
**42 U.S.C. § 1983**
**Fourteenth Amendment Violations**
**(Due Process)**

33.     BECHTEL hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

34.     Defendants, acting under color of state law, are depriving Plaintiff of her rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

35.     Defendants cannot delegate criminal prosecutions to private attorneys who are employed by a private entity, with no humane agent employed by said private entity.

36.     The failure of Defendants to provide an R.C. 959.132 probable cause hearing on the seizure of her cat, violates her rights to due process.

37.     Defendants knew, or should have known, that their above-described conduct violated BECHTEL's property rights which are secured by the Fourteenth Amendment of the U.S. Constitution, in violation of 42 U.S.C. § 1983.

38.     BECHTEL has been damaged and harmed as a result of Defendants violating her Fourteenth Amendment right to due process.

39.     All Defendants have acted under pretense and color of state law and in their official capacities and within the scope of their employment.  Said acts by said Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive BECHTEL of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourteenth Amendment to the United States Constitution.

40.     BECHTEL has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

41.     An actual controversy exists between the parties, and BECHTEL is suffering an ongoing and irreparable harm by Defendants' acts, and the harm will continue unless HAWKINS is enjoined from unlawfully delegating criminal prosecutions to private attorneys employed by a private entity with no power to prosecute.

42.     BECHTEL is entitled to her costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.


**COUNT VIII**
**42 U.S.C. § 1983**
**First Amendment**
**(Right of Access to the Court)**

43.     BECHTEL incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

7

44.    BECHTEL has a fundamental right of access to the courts under the First Amendment.

45.    Defendants have deprived BECHTEL of this right by unlawfully delegating prosecutorial duties to private attorneys employed by a private entity with no authority to prosecute for violations of criminal offenses.

46.    Defendants violated BECHTEL's right of access to the Court.

47.    Defendants knew, or should have known, that their above-described conduct violated BECHTEL's property rights which are secured by the First Amendment of the U.S. Constitution, in violation of 42 U.S.C. § 1983.

48.    BECHTEL has been damaged and harmed as a result of Defendants violating her First Amendment right to access the court system.

49.    All Defendants have acted under pretense and color of state law and in their official capacities and within the scope of their employment.  Said acts by said Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive BECHTEL of his constitutional rights secured by 42 U.S.C. § 1983, and by the First Amendment to the United States Constitution.

50.    BECHTEL has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

51.    An actual controversy exists between the parties, and BECHTEL is suffering an ongoing and irreparable harm by Defendants' acts, and the harm will continue unless HAWKINS is

enjoined from unlawfully delegating criminal prosecutions to private attorneys employed by a private entity with no power to prosecute.

52.     BECHTEL is entitled to her costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

## PRAYER FOR RELIEF

**WHEREFORE** BECHTEL requests this Court grant the following relief:

A) Grant a temporary restraining order, enjoining Defendants from delegating criminal prosecutions to a private attorney who is employed by a private entity, that has no humane agent employed by said entity.

B) Grant preliminary and permanent injunctions against Defendants, as well as their officers, agent, employees, attorneys, and all other persons acting in concert or participation with them, enjoining Defendants from delegating criminal prosecutions to a private attorney who is employed by a private entity, that has no humane agent employed by said entity.

C) Attorney's fees and costs pursuant to 42 U.S.C. § 1988.

D) Such other relief as may be equitable and just.

Respectfully submitted,

 /s/ Michela Huth
MICHELA HUTH
(OH Reg. No. 0091353)
PO Box 17
Bolivar, OH 44612
Phone:  330-440-4027
Email:  michelahuth.esq@gmail.com
*Attorney for Plaintiff*

/s/ Richard Rosenthal

RICHARD BRUCE ROSENTHAL
(NY Reg. No. 1637677)
120-82 Queens Blvd.
Kew Gardens, NY 11415
Phone: 718-261-0200
Fax: 718-793-2791
Email: richard@thedoglawyer.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised in this Complaint as set forth in this pleading.

 /s/ Michela Huth
MICHELA HUTH