# UNITED STATES DISTRICT COURT
## For the
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NADINE BECHTEL | ) CASE NO.  1:19-CV-01159 |
| | ) |
| Plaintiff, | ) JUDGE CHRISTOPHER A BOYKO |
| | ) |
| vs. | ) |
| | ) |
| CITY OF EASTLAKE, OHIO, et al | ) **OPPOSITION TO MOTION FOR** |
| | ) **INJUNCTION AND RESTRAINING** |
| Defendants. | ) **ORDER** |

    Now comes the Defendants, by and through undersigned counsel, who respectfully responds to Plaintiff's Motion For Injunction and Restraining Order.  The basis for the opposition is more fully stated in the attached memorandum.

                        Respectfully submitted,

                        /s/ Joseph R. Klammer_____
                        JOSEPH R. KLAMMER, #0068831
                        *Attorney for Defendants*
                        The Klammer Law Office, Ltd.
                        The Historic Mentor Center Street School
                        7482 Center Street, Unit 6
                        Mentor, OH 44060
                        (440) 974-8484; Fax (440) 255-6112
                        Court service:  klammerlaw@klammerlaw.com
                        Direct:          jrklammer@klammerlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28, of May 2019 a copy of the foregoing was sent via the Clerk of Court's electronic CM/ECF system for filing and transmittal of Notice of Electronic Filing to the following:

Michela Huth, Esq.
PO Box 17
Bolivar, Ohio  44612

Richard B. Rosenthal, Esq.
120-82 Queens Blvd.
Kew Gardens, NY  11415

                                       /s/ Joseph R. Klammer_____
                                       JOSEPH R. KLAMMER, #0068831
                                       *Attorney for Defendants*

## **MEMORANDUM**

**STATEMENT OF FACTS**

If the Court could review only one statute, R.C. 2931.18 will settle every issue in plaintiff's complaint. R.C. 2931.18 reads in relevant part:

(A) A humane society or its agent may employ an attorney, and may also employ one or more assistant attorneys to prosecute violations of law relating to:

(1) Except as provided in division (B) of this section, prevention of cruelty to animals or children;

(2) Abandonment, nonsupport, or ill-treatment of a child by its parent;

(3) Employment of a child under fourteen years of age in public exhibitions or vocations injurious to health, life, or morals or which cause or permit such child to suffer unnecessary physical or mental pain;

(4) Neglect or refusal of an adult to support destitute parent.

Such attorneys shall be paid out of the county treasury in an amount approved as just and reasonable by the board of county commissioners of that county.

Pursuant to R.C. 2931.18, the Lake Humane Society has the authority to employ an attorney to prosecute misdemeanor animal cruelty cases. In fact, this citation settles all issues in plaintiff's suit. The Court will recall that it is plaintiff's position that without appointing an animal humane agent, the Lake Humane Society has no authority to appoint a prosecutor. (See unnumbered para. 1 of preliminary statement, para. 26 and 35 in complaint.) R.C. 2931.18 is quite clear. It reads very plainly that the Humane Society may employ an attorney to prosecute. This alone should be enough to deny the motion for an injunction, but also to dismiss the matter in its entirety.

Plaintiff's entire theory is that defendant Hawkins, as the City of Eastlake prosecutor, unlawfully delignated his authority to attorney Jeffrey Holland. Plaintiff cites to her only evidence of this in paragraph 21 of the complaint. The evidence is an email from Jeffrey Holland to plaintiff's counsel, Huth. It is not an email or statement from prosecutor Hawkins. It reads:

21. According to an email from a private attorney Jeffrey Holland to Plaintiff's attorney Michela Huth,

[Jeffrey Holland" (sic) entered an appearance in this matter [Case No.

19MIS00001] pursuant to R.C. 2938.18, not [Defendant Judson] Hawkins. Mr. Hawkins is in agreement with this arrangement.

This email sent by someone other than Mr. Hawkins does nothing more than simply state the law in the State of Ohio. Pursuant to R.C. 2931.18, the Humane Society has the authority to employ an attorney to prosecute misdemeanor animal cruelty cases.  In fact, this citation settles every issue in plaintiff's suit.  The Court will recall that it is plaintiff's position that without appointing an animal cruelty prevention agent, the Humane Society has no authority to appoint a prosecutor.

This argument is without merit.  R.C. 2931.18 is quite clear.  It reads very plainly that the Humane Society may employ an attorney.  Paragraphs 16 and 17 of the complaint plead that Jeffrey Holland and Danamarie Pannella are attorneys "employed by the Lake Humane Society." This alone should be enough to deny the motion for an injunction, but also to dismiss the matter in its entirety.

Moreover, attached hereto is an affidavit as Exhibit A from Mr. Hawkins wherein he testifies that he has never delegated any such authority.  The entire complaint is based on a second party email that does not even demonstrate that Mr. Hawkins delegated anything. At a trial in this matter, Mr. Holland will testify to statutory authority.  He will also explain that Mr. Hawkins has never delegated to him any authority.  Of equal importance, it is clear that the dialogue between Mr. Holland and plaintiff's counsel Huth was related to the ongoing Willoughby Municipal Court litigation.  This is the clearest evidence that this lawsuit is plaintiff's effort to interfere with the pending Willoughby  Municipal Court criminal matter.

Plaintiff specifically pleads at paragraph 11 through 16 under the heading "FACTS" that a pending criminal investigation in the Willoughby Municipal Court is the background of the complaint.  By any reading, it is an effort to interfere with or cause the "federal intervention" in that pending criminal matter.  Plaintiff specifically pleads:

FACTS

10. BECHTEL hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

11. On May 2, 2019, the City of Eastlake and a private entity, Lake Humane Society, executed a search and seizure warrant at 36370 Vine Street, Eastlake, Ohio.

12. This search warrant gave authority to "any humane agent or other Law Enforcement

> Officer of Lake County, Ohio" to search, and seize property, including live animals.
>
> 13. An organization named Animal Rescue Center operates an animal rescue at the above Vine Street address.
>
> 14. Among the animals seized was BECHTEL's cat "Prince Michael."
>
> 15. On May 3, 2019 at 8:00 a.m., a probable cause hearing was held in the Willoughby Municipal Court. In re: 36370 Vine Street, Case No. 19MIS 00001.
>
> 16. Private attorneys, Jeffrey Holland and Danamarie Panella acted as state prosecutors at this May 3, 2019 probable cause hearing.

It then continues on at paragraph 21 to explain who is the prosecutor in that pending criminal investigation. It reads at paragraph 21:

> (b) According to the non-public docket 1 in the 19MIS00001 case, private attorney Jeffrey Holland is listed as the "prosecutor."
>
> (c) The non-public docket of 19MIS00001 also evidences that on May 8, 2019, Danamarie Panella, the "Pros. For Lake Humane Society", filed a Motion to Seal Search Warrant Affidavit.

In fact, plaintiff even pleads at footnote one in the complaint the efforts plaintiff took to discover facts relevant to that criminal matter. The footnote references the search warrant in Willoughby Municipal Court and reads "[t]he case docket for this MIS case is not publicly available online through the Court's record search feature, therefore Plaintiff's Attorney had to ask the Willoughby Municipal Court, multiple times, to provide the docket of the case." Count One of the complaint then charges a Fourth Amendment violation related to the alleged illegal delegation of prosecution authority which resulted in the seizure of plaintiff's cat. (Complaint para. 25 and 26.) Of course, that seizure happened in the course of the execution of the search warrant ordered by the Willoughby Municipal Court.

At paragraph 31 plaintiff then pleads that she is "suffering an ongoing irreparable harm." Without pleading some other ongoing incident of alleged unlawful delegation of prosecution authority – which it is not – plaintiff has only pleaded facts related to the pending Willoughby matter. (When requesting prospective relief, a plaintiff must allege that she is likely to be in this situation again. *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993), fn. 4, citing *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).) At paragraph 31, she then

requests that defendant Hawkins be enjoined from delegating. Without any other matter involving plaintiff, this can only be enjoining his actions in the pending criminal matter.

The complaint then jumps from Count One to Count Four. It again though specifically references the prosecution delegation. At paragraph 36, it references the seizure of her cat which is only a seizure that occurred as the result of the pending criminal investigation. Again at paragraph 41, she pleads that she will suffer ongoing harm. As she only pleaded facts related to this one search warrant seizure, it can only be a reference to ongoing harm in a pending criminal investigation.

The complaint then jumps from Count Four to Count Eight. She pleads a First Amendment right of access to the courts. While this count wholly fails to plead a cause of action, it does again reference the delegation of prosecution authority which can only be the pending Willoughby Municipal Court case. Again, at paragraph 41, she pleads that she will suffer ongoing harm. As she only pleaded facts related to this one search warrant seizure, it can only be a reference to ongoing harm in the pending criminal investigation.

The factual background and individual counts in the complaint demonstrate that the complaint is an effort to interfere with or intervene in the pending Willoughby Municipal Court criminal matter. The search warrant caused the seizure of the cat about which she claims a property right. The complaint then charges ongoing and irreparable harm which can only be related to that pending matter as the complaint does not allege any other ongoing interaction with the Lake County Humane Society, the City of Eastlake, or Prosecutor Hawkins.

**LAW AND ARGUMENT**

**Injunctive Relief**

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. See *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982); see *Carolines Kids Pet Rescue, et al v. Lake Humane Society et al*. 1:17CV297 (Sept. 11, 2017). Four factors must be considered when deciding whether to grant injunctive relief:

   (1) whether the movant has a strong likelihood of success on the merits;
   (2) whether there is a threat of irreparable harm to the movant;
   (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and

(4) whether the public interest will be served by the injunction. See *Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F.3d749, 753 (6th Cir. 1998); *Carolines Kids Pet Rescue, et al v. Lake Humane Society et al.* 1:17CV297 (Sept. 11, 2017). While no single factor will be determinative as to the appropriateness of the equitable relief sought, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *In re DeLorean Motor Co.*, 755 F.2d 1223,1229 (6th Cir. 1985).

Plaintiff must establish that there is a substantial likelihood that their claims will succeed on the merits by clear and convincing evidence. *Honeywell, Inc. v. Brewer-Garrett Co.*, 145 F.3d 1331 (6th Cir. 1998); *Garlock, Inc., v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968); see also *Carolines Kids Pet Rescue, et al v. Lake Humane Society et al*. 1:17CV297 (Sept. 11, 2017). Because a preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies", the proof required is more stringent than that required to survive a summary judgment motion. *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001), *Farnsworth v. Nationstar Mortgage, LLC*, 569 F.App'x 421, 425 (6th Cir. 2014).

Here, R.C. 2931.18 is quite clear. The Human Society has the authority to hire its own prosecutor. Plaintiff's complaint simply will not survive. There is no likelihood of success on the merits.

**Younger Doctrine** [1]

The United State Supreme Court, in *Younger v. Harris*, 401 U.S. 37 (1971), determined that federal courts should not interfere with ongoing state criminal proceedings absent a showing of extraordinary circumstances. In the absence of bad faith, harassment or any other unusual circumstance, federal courts should abstain whenever a plaintiff seeks to obtain an injunction against a state court proceeding. *Id*. Three elements must be present for the Younger Doctrine to apply: (1) an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990).

"So long as the constitutional claims of [plaintiffs] can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary

---

[1] This Court had previously issued a decision in Caroline's Kids Pet Rescue, et al v. Lake Humane Society et al. 1:17CV297 (Sept. 11, 2017) The memorandum of law quotes often from that opinion and order.

circumstances that would make abstention inappropriate, the federal courts should abstain."
*Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982), see also
*Carolines Kids Pet Rescue, et al v. Lake Humane Society et al*. 1:17CV297 (Sept. 11, 2017)

In *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608-609 (1975), the United States Supreme Court held that Younger principles apply until a federal plaintiff exhausts his state appellate remedies. Here, the Willoughby Municipal Court proceedings are at their infancy. Under the second prong of *Younger*, the proceedings "must implicate an important state interest." In *Miskowski v. Peppler*, 36 F.App'x. 556, 557 (6th Cir. 2002), the Sixth Circuit held that punishing conduct proscribed by statute satisfies the important state interest prong under *Younger*. Here, the Lake County Humane Society is prosecuting a potential criminal animal cruelty matter as permitted by R.C. 2931.18. Finally, under the third prong of *Younger*, there must be an adequate opportunity in the state proceeding to raise constitutional challenges. Federal courts "must presume that the state courts are able to protect the interests of a federal plaintiff." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995); see also *Carolines Kids Pet Rescue, et al v. Lake Humane Society et al*. 1:17CV297 (Sept. 11, 2017)

Plaintiff will have a complete opportunity to defend the animal cruelty investigation. At this stage, she has not demonstrated that she has taken any efforts to defend that matter or to secure the return of any animal seized by the order of the Willoughby Municipal Court. She has and will have an adequate opportunity to raise any constitutional challenges. At this point, she has not demonstrated that there will not be that opportunity.

Moreover, the *Younger* bar taken with the Anti-Injunction Act places an incredibly high burden upon plaintiff. The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from ordering a halt to state court proceedings, except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Oddly enough, ordering Mr. Hawkins to not delegate his authority will do little if anything in this matter as the Lake County Humane Society has independent authority to prosecute animal cruelty matters. While obviously plaintiff hopes this lawsuit will interfere with the pending criminal case, as practical matter an injunction against Mr. Hawkins does little if anything to effect the authority of the Lake County Humane Society. Nonetheless, to the extent plaintiff hopes that this Court will cause a halt to the

pending Willoughby Municipal Court matter, the Anti-Injunction Act will disallow that effect on these facts.

Here, plaintiff's entire lawsuit is an effort to interfere with the ongoing Willoughby Municipal Court investigation. The central fact and evidence allegedly demonstrating some unlawful delegation of prosecution authority by Mr. Hawkins is the email communication quoted in part at paragraph 21. At the affidavit from Mr. Holland demonstrates, that email communication was between him and plaintiff's counsel, Huth. It was relating to the ongoing Willoughby Municipal Court matter.

As plaintiff has not pleaded that she has any other matter pending with Mr. Hawkins, the alleged "ongoing irreparable harm" could only happen during the course of that Willoughby Municipal Court litigation. With that, the lawsuit is plainly any effort to delay or defend the Willoughby Municipal Court criminal matter. With that, *Younger* is a bar to that requested relief.

**Official Capacity Claims–Eleventh Amendment Protection for Municipal Prosecutor**

Here, the complaint in its cover page purports to charge Judson Hawkins in his individual capacity. The complaint goes on to then charge any act against Mr. Hawkins as an act performed in his official capacity as the Eastlake City Prosecutor. In fact, it is that official capacity that then allegedly implicates his employer, the City of Eastlake. The complaint charges repeatedly that Mr. Hawkins "delegated criminal prosecutions"; it should go without saying that those are charges of Mr. Hawkins acting in his official capacity. And paragraph eight of the complaint pleads clearly that "Defendant JUDSON HAWKINS is the CITY OF EASTLAKE's criminal prosecutor."

While the complaint caption purports to charge him in his individual capacity, it plainly does not. It charges him in his official capacity. And, without enjoining him from behaving in his official capacity, the entire purpose of the complaint is meritless and purely an academic exercise.

As it plainly charges against Mr. Hawkins in his official capacity as a municipal prosecutor, plaintiff cannot assert claims against him in his official capacity. A suit against a public servant in his or her official capacity imposes liability on the office he or she represents. *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). Because as a municipal prosecutor, Mr. Hawkins is an arm of the State of Ohio, the Eleventh Amendment bars

suits in his official capacities. *Vos v. Cordray*, 719 F. Supp. 2d 832, 838 (N.D. Ohio 2010); *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir.), cert. denied, 546 U.S. 935, 126 S.Ct. 420, 163 L.Ed.2d 320 (2005).  Under the Eleventh Amendment, a State may not be sued in federal court unless it has consented to such a suit or its immunity has been properly abrogated by Congress. See, e.g., *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Latham.*

The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 572, 50 L. Ed. 2d 471 (1977), citing *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Although municipal corporations are general not state actors for purposes of the Eleventh Amendment, the question to does not end there.  The question here is whether Mr. Hawkins as a prosecutor charged with enforcing the State of Ohio criminal code should be considered a state actor.  The *Mt. Healthy* decision explained that when making this determination the Court looked to the nature of the entity under state law with a focus on to the degree state law controlled the actor.  *Id*. at 280-281.  Here, Mr. Hawkins is bound by state criminal laws and rules.  He prosecutes both state and local crimes at both the felony and misdemeanor level.  His actions are controlled by the Federal and State constitutional protections due criminal defendants.

The law is clear that while prosecuting a crime, the prosecutor is acting as an agent or instrumentality of the State. *Boone v. Kentucky*, 72 Fed. Appx. 306, 307 (6th Cir. 2003)(County Prosecutors act as agent of State in prosecuting crimes).  In *Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir.1993) the Sixth Circuit held that a municipal prosecutor acts as an arm of the state in prosecuting or declining to prosecute state criminal offenses.  Pusey sued City of Youngstown and its municipal prosecutor for allegedly failing to comply with Ohio's victim impacts law.  Therein the Court looked at the various state law responsibilities for municipal prosecutors and ultimately concluded that a municipal prosecutor amounts to an arm of the state for the Eleventh Amendment protection.  *Id*. at 657-658.  Because the prosecutor was acting as an agent or instrumentality of the State any claims against the prosecutor in her official capacity is barred by the Eleventh Amendment. *Id*., See also *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, (1989).

In addition and as argued below, as to the claims against Mr. Hawkins in his individual capacity regarding federal claims as a prosecuting attorney, he is similarly entitled to the shield of absolute immunity while acting as advocate for the state. *Benson v. O'Brien*, 67 F.Supp.2d 825, 831 (N.D. Ohio 1999). At common law, prosecutors are entitled to the same immunity that is afforded to judges and for much the same reasons. *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976).

With that, the claims are barred by the protections of the Eleventh Amendment.  While Mr. Hawkins denies every delegating any authority, to the extent the complaint charges claims regarding his role as municipal prosecutor, those claims are barred.

**<u>Prosecutor Immunity</u>**

As plaintiff has demanded attorney fees beyond mere injunctive relief, defendants are protected from those claims; "[a]lthough the principle requiring strict construction of waivers of sovereign immunity is not a new one, the Supreme Court has affirmed its applicability in attorneys fees cases, cautioning courts against enlarging these waivers beyond the explicit statutory language." *Nichols v. Pierce*, 740 F.2d 1249, 1255‑56 (D.C. Cir. 1984).  To determine whether a prosecutor is entitled to absolute or qualified immunity for a particular act, we must examine the "nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988). In *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Court held that prosecutors sued in their personal capacity under section 1983 are absolutely immune for their conduct in "initiating a prosecution and in presenting the State's case." *Id*. at 431, 96 S.Ct. at 995. The Court reasoned that the prosecutors' "activities were intimately associated with the judicial phase of the criminal process." *Id*. at 430, 96 S.Ct. at 995.

Here there should be no debate that plaintiff complains about the actions of Mr. Hawkins in his role as municipal prosecutor.  He is entitled to immunity from any claim for money damages, including those demanding attorney fees.  Plaintiff not only demands attorney fees, but "other relief as may be equitable and just."  To the extent that is a demand for money damages, defendants are entitled to immunity.

**State Law Claims are not Constitutionalized**

Here the question again is whether the Lake Human Society has the authority to hire an attorney to prosecute animal cruelty cases.  That authority is provided in R.C. 2931.18 and R.C. 1717.08 as regarding other agents using force.  Whether State officers have violated State procedures is a question of State law which does not provide a basis for a federal cause of action.  See, e.g., *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.), cert. denied, 509 U.S. 907, 113 S.Ct. 3001, 125 L.Ed.2d 694 (1993).  It is settled that "[a] state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule and would not be administrable." *Id.*

Here, the partial quote from the email between Mr. Holland and Ms. Huth certainly does not allege facts that Mr. Hawkins violated any constitutional rights.  In fact, the affidavit attached hereto demonstrates that Mr. Hawkins never did delegate any authority as charged by plaintiffs.  The matter is quite simple; pursuant to R.C. 2931.18, the Lake Humane Society has its own independent authority to appoint Mr. Holland.  That is a state law dispute.  The complaint and motion fail to demonstrate that Mr. Hawksin was personally involved in any activity that violated a federal constitutional right.

**CONCLUSION**

Here, the allegations in the complaint simply do not demonstrate any likelihood of success.  The Lake Humane Society has all the necessary authority per R.C. 2931.18 to retain its own attorneys to prosecute animal cruelty cases.  Not only did Mr. Hawkins not delegate any such authority, but neither the complaint nor the motion for an injunction demonstrate that he did.  The email from Mr. Holland to plaintiff's counsel simply states the accurate Ohio law. Without any action from defendants there truly is no claim.

That aside, the complaint is an obvious attempt to interfere with the pending Willoughby Municipal Court criminal matter. As such, the claims are proscribed by *Younger*.

Last, as the complaint charges that Mr. Hawkins was acting in his capacity as a municipal prosecutor, it charges he was acting as a State actor.  Defendants are then entitled to the protection of the Eleventh Amendment.  In a similar manner, defendants are entitled to immunity for any claims to money damages.

                                      Respectfully submitted,

                                      /s/ Joseph R. Klammer_____

        JOSEPH R. KLAMMER, #0068831
*Attorney for Defendants*
The Klammer Law Office, Ltd.
The Historic Mentor Center Street School
7482 Center Street, Unit 6
Mentor, OH 44060
(440) 974-8484; Fax (440) 255-6112
Court service:  klammerlaw@klammerlaw.com
Direct:  jrklammer@klammerlaw.com