**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NADINE BECHTEL, | ) | CASE NO. 1:19CV1159 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| CITY OF EASTLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #2) of Plaintiff Nadine Bechtel for Temporary Restraining Order. For the following reasons, the Motion is denied.

## I. BACKGROUND

On May 20, 2019, Plaintiff Nadine Bechtel filed a Verified Complaint alleging violation of her rights under the First, Fourth and Fourteenth Amendments to the United States Constitution by Defendants, City of Eastlake, Ohio and Judson Hawkins, in his individual capacity.

Allegedly, on May 2, 2019, the City of Eastlake and the Lake Humane Society

executed a search and seizure warrant at 36370 Vine Street, Eastlake, Ohio. The warrant authorized "any humane agent or other Law Enforcement Officer of Lake County, Ohio" to search and seize property including live animals. (Plaintiff did not provide a copy of the warrant). An organization named "Animal Rescue Center" operates an animal rescue at the Vine Street address. Among the animals seized was Plaintiff's cat "Prince Michael."

On May 3, 2019 at 8:00 a.m., a probable cause hearing was held in the Willoughby Municipal Court (*In re: 36370 Vine Street*, Case No. 19MIS00001). Two private attorneys employed by the Lake Humane Society, Jeffrey Holland and DanaMarie Pannella, appeared as prosecutors pursuant to R.C. § 2931.18. The Lake Humane Society is a not-for-profit corporation organized under R.C. §1717.05 and headquartered in Lake County, Ohio. (Plaintiff's Verified Complaint, ECF DKT #1 at ¶¶ 18-19).

Plaintiff alleges that Defendants seized her property without affording her due process of law, barred access to the courts to obtain relief and unreasonably seized her property. Plaintiff further alleges that Defendants illegally delegated the mandated duties and obligations of the City of Eastlake Prosecutor Judson Hawkins to criminally prosecute crimes occurring in the City of Eastlake to private attorneys employed by private corporations that have no humane agent employed by said corporation.

Plaintiff seeks an order immediately enjoining Defendants from illegally delegating criminal prosecutions to private persons and entities.

## II. LAW AND ANALYSIS

**Standard of Review**

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly.

*See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant an injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction. *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F.3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007). While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)), "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The moving party must establish its case by clear and convincing evidence. *See Deck v. City of Toledo*, 29 F.Supp. 2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968). Clear and convincing evidence must produce a firm belief about the facts to be proved. It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.

Pursuant to R.C. 2931.18: "A humane society or its agent may employ an attorney, and may also employ one or more assistant attorneys to prosecute violations of law relating to . . . prevention of cruelty to animals or children" but "shall not employ an attorney or one or more assistant attorneys to prosecute a *felony violation* of section 959.131 of the Revised Code [cruelty against a companion animal]."

The prosecution by counsel employed by a humane society of a criminal action relating to cruelty to animals does not violate the constitutional requirement that prosecutions be carried on in the name of and by the authority of the state. *State v. Hafle*, 52 Ohio App.2d 9 (1977).

Defendant Hawkins submits his Affidavit (ECF DKT #5-1), stating that he has been the municipal prosecutor for the City of Eastlake, Ohio for more than a decade. He attests further: "I have never delegated any prosecution authority to Jeffrey Holland or his associate DanaMarie Pannella. The Humane Society has its own independent authority pursuant to R.C. 2931.18." (*Id.* at ¶ 2).

Likewise, Defendants provide the Affidavit of Jeffrey Holland (ECF DKT #7-1). He attests that he practices "as a prosecutor for various Humane Societies in animal cruelty investigations pursuant to R.C. 2931.18 across the State of Ohio, and [has] done so since 1991." (*Id.* at ¶ 1). Moreover, Holland was "the prosecutor in the recent search of location and seizure of animals from the organization known as Animal Rescue Center in the City of Eastlake, Ohio and pursuant to an order from the Willoughby Municipal Court." (*Id.* at ¶ 2). Further: "County humane societies have statutory authority pursuant to R.C. 2931.18 to appoint attorneys to prosecute violations of law relating to animal cruelty. Any communication [he] would have with a local prosecutor such as Mr. Hawkins was a courtesy and to ensure the local police departments are aware of any concerns. Mr. Hawkins never delegated any authority to the Lake County Humane Society or to [Holland]." (*Id.* at ¶¶ 3-4).

Plaintiff has offered no evidence of an unlawful delegation of her criminal prosecution to private persons or entities. Although Plaintiff alleges that she is "suffering an ongoing and

irreparable harm," she only pleads facts surrounding the pending Willoughby Municipal Court matter.

Upon consideration of the relevant statutory language, Plaintiff's verified allegations and the affidavits of Defendant Hawkins and Attorney Holland, the Court determines that Plaintiff has no clear and convincing evidence that she can likely succeed on the merits, that she faces the threat of irreparable harm nor that she is entitled to prospective extraordinary relief.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #2) of Plaintiff Nadine Bechtel for Temporary Restraining Order is denied.

**IT IS SO ORDERED.**


                                        **s/Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated:  June 4, 2019**