UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NADINE BECHTEL,** | ) | CASE NO. 1:19CV1159 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CITY OF EASTLAKE, OHIO, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Defendants' Motion (ECF DKT #6) to Dismiss, and also following the Oral Hearing conducted on November 20, 2019, on the question of standing. For the following reasons, the captioned case is dismissed.

**I. BACKGROUND**

On May 20, 2019, Plaintiff Nadine Bechtel filed a Verified Complaint alleging violation of her rights under the First, Fourth and Fourteenth Amendments to the United States Constitution by Defendants, City of Eastlake, Ohio and Judson Hawkins (the Eastlake Prosecutor) in his individual capacity.

Plaintiff alleges that on May 2, 2019, the City of Eastlake and the Lake Humane

Society executed a search and seizure warrant at 36370 Vine Street, Eastlake, Ohio. An organization named "Animal Rescue Center" operates an animal rescue at the Vine Street address. At the time, Plaintiff was the director of Animal Rescue Center. According to the Complaint, the warrant authorized "any humane agent or other Law Enforcement Officer of Lake County, Ohio" to search and seize property including live animals. Among the animals seized was Plaintiff's cat, "Prince Michael." Plaintiff contends that she has a property interest in her cat and that Defendants violated her property rights secured by the Fourth Amendment to the United States Constitution.

In the second count of the Complaint (erroneously designated as Count IV), Plaintiff alleges that Defendants failed to provide her an R.C. § 959.132 probable cause hearing regarding the seizure of her cat, thereby depriving Plaintiff of her due process rights secured by the Fourteenth Amendment to the United States Constitution.

In the third count of the Complaint (erroneously designated as Count VIII), Plaintiff alleges that Defendants unlawfully delegated prosecutorial duties to private attorneys employed by the Lake Humane Society. Plaintiff specifically alleges that Defendants illegally delegated the mandated duties and obligations of the City of Eastlake Prosecutor Judson Hawkins to criminally prosecute crimes occurring in the City of Eastlake to private attorneys employed by private corporations that have no humane agent employed by said corporations.
This conduct violated Plaintiff's fundamental First Amendment right of access to the courts.

Along with her Complaint, Plaintiff filed a Motion for Temporary Restraining Order (ECF DKT #2). Upon consideration of the relevant statutory language, Plaintiff's verified

allegations and the affidavits of Defendant Hawkins and Attorney Jeffrey Holland, the Court denied injunctive relief and determined that Plaintiff offered no clear and convincing evidence that she was likely to succeed on the merits, that she faced the threat of irreparable harm or that she was entitled to prospective extraordinary relief. (Opinion and Order, ECF DKT #8).

In their Motion to Dismiss (ECF DKT #6), Defendants seek dismissal of Plaintiff's Complaint in its entirety for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Defendants also argue that this Court should abstain so as not to interfere with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In addition, Defendants contend that Plaintiff's claims against Defendant Hawkins in his role as municipal prosecutor are barred by the Eleventh Amendment.

In their Motion for Leave to File Amended Answer (ECF DKT #19), Defendants presented the Court with records purportedly calling into question Plaintiff's standing to litigate this matter. Specifically, Defendants offered adoption records for "Prince Michael" and submitted that Plaintiff was not the owner of the cat at the time of the search of the Animal Rescue Center. Consequently, Plaintiff lacked standing to claim Fourth Amendment protection. In order to address Defendants' assertions, the Court ordered briefing and scheduled an oral hearing.

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 12(b)(6) Standard of Review**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in

favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**Standing**

Article III standing for constitutional challenges necessitates its own discrete analysis. The Constitution limits federal court jurisdiction to actual "cases" or "controversies." U.S. Const., art. III, § 2, cl. 1. Standing to sue is one aspect of the case-or-controversy requirement. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997). In order to

assert constitutional standing a plaintiff must have "'such a personal stake in the outcome of the controversy' as to warrant [their] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [their] behalf." *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). Plaintiff bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "To satisfy Article III's standing requirements, a plaintiff must show: '(1) [he] has suffered an 'injury-in-fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Soehnlen v. Fleet Owners Ins. Fund,* 844 F.3d 576, 581 (6th Cir. 2016); *Loren* v. *Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 606–07 (6th Cir. 2007); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81(2000). "For an injury to be particularized, 'it must affect the plaintiff in a personal and individual way.'" *Soehnlen,* 844 F.3d at 581-82; *see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (standing requires that the plaintiff "personally has suffered some actual or threatened injury").

The Court is cautiously mindful of the "longstanding principle of judicial restraint [requiring] that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Lyng v. Northwest Indian Cemetery Protective Assn*., 485 U.S. 439, 445 (1988). Moreover, "[to] ensure a case remains 'fit for federal-court adjudication,' the parties must have the necessary stake not only at the outset of litigation, but throughout its course." *Arizonans for Official English*, 520 U.S. at 67.

The Court emphasizes that Article III standing is an indivisible element of federal court subject matter jurisdiction. Want of subject matter jurisdiction cannot be waived by the parties and may be addressed by the Court on its own initiative at any stage of the proceedings. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). The burden rests upon Plaintiff at all times to affirmatively establish that this Court possesses subject matter jurisdiction over the case or controversy. *See e.g.*, *Thomson v. Gaiskill*, 315 U.S. 442 (1942).

On October 8, 2019, the Court ordered Plaintiff to show cause in writing why the captioned case should not be dismissed for lack of Article III standing. (ECF DKT #20). Plaintiff responded with an affidavit and two exhibits which she contended establish her ownership of Prince Michael. (ECF DKT #21). According to Plaintiff's affidavit and likewise her testimony at the November 20, 2019 hearing, Plaintiff adopted Prince Michael on June 7, 2018 and had Prince Michael vaccinated for rabies on August 31, 2018. The Rabies Vaccination Certificate provided by Plaintiff identifies Plaintiff as the "Owner." (ECF DKT #21-3).

Defendants replied to Plaintiff's submission and offered a copy of an email from Porter Pet Hospital where Prince Michael was vaccinated. (ECF DKT #22-3). The email recites: "The second document appears to be the same one we signed only altered to then have Nadine's name and address. We never saw the cat under Nadine's personal account, only under the rescue and we never changed the certificate." (*Id.*). Defendants contend that Plaintiff "whited out" the Owner's name to mislead the Court as to ownership of the cat.

Plaintiff testified that she often takes a number of animals to the veterinarian for vaccinations and that the veterinarian routinely issues all the rabies certifications in the name of Animal Rescue.  Plaintiff continued that it was her common practice, and that she advised adopters to change the certification so that authorities would not turn to Animal Rescue if there were a subsequent issue with vaccinations.  Plaintiff insisted that she owned Prince Michael at the time of the search; that she changed the ownership information on the certification accordingly; and that she paid for the vaccinations with Animal Rescue's credit card but reimbursed the cost for Prince Michael's treatment.

Officer Brianna Fawcett from the Eastlake Police Department took the stand and testified that she executed the search warrant at the Animal Rescue Center on May 2, 2019.  The cat identified as Prince Michael was there in a cage and appeared to be in the same condition as all the other animals, even though Plaintiff allegedly had adopted him on June 7, 2018.  Among the documents seized that day, however, Officer Fawcett did not find any documents for Prince Michael bearing Plaintiff's name.

Plaintiff testified that Prince Michael was at the Animal Rescue Center because she was away from her home for a few days and there were water problems at her residence.  Also, Plaintiff stated that she brought Prince Michael there for photographs to be taken.  The photographer surprised her with a collage of Prince Michael's photos for Plaintiff's birthday.

Ultimately, Plaintiff admitted that she forfeited her rights to Prince Michael and to all of the animals seized on May 2, 2019.  Plaintiff entered a no contest plea with an assertion of innocence in Willoughby Municipal Court on October 29, 2019.  Plaintiff was convicted, was given a suspended jail sentence and was prohibited from owning, caring for, possessing or

residing with any animal.

Each element of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.  At best, the evidence in support of and contrary to Plaintiff's ownership of the seized cat, Prince Michael, is in equipoise.  Therefore, Plaintiff has failed to satisfy the burden of proof necessary to establish standing sufficient to justify federal court jurisdiction over her Fourth Amendment violation claim.

**Due Process**

In the second count of Plaintiff's Complaint, Plaintiff alleges:  "The failure of Defendants to provide an R.C. 959.132 probable cause hearing on the seizure of her cat, violates her rights to due process."  (ECF DKT #1, ¶36).  However, the factual recitations of the Complaint state in pertinent part:  "On May 3, 2019 at 8:00 a.m., a probable cause hearing was held in the Willoughby Municipal Court."  (*Id.* at ¶15).

Moreover, at the November 20, 2019 Hearing, Plaintiff was asked:  "And did you appear at the probable cause hearing to discuss the forfeiture?"  Plaintiff responded:  "I was -- yeah, I was in attendance."

Plaintiff's own allegations and testimony under oath defeat her claim for violation of her Fourteenth Amendment due process rights.

**Unlawful Delegation of Criminal Prosecution**

Plaintiff alleges that Defendants unlawfully delegated prosecutorial duties to private attorneys employed by a private entity with no authority to prosecute for violations of

criminal offenses.  Thus, Plaintiff contends that Defendants violated Plaintiff's right of access to the courts in contravention of the First Amendment to the United States Constitution. (ECF DKT #1, ¶¶ 45-46).

Lake Humane Society is organized under R.C. 1717.05.  Plaintiff points to R.C. 1717.06 and asserts that a county humane society is empowered to criminally prosecute persons for acts of cruelty to animals, but only by and through a duly appointed humane agent.  Plaintiff insists that Lake Humane Society did not conduct the Plaintiff's prosecution through a humane agent.

The precise language of R.C. 1717.06 reads:  " A county humane society organized under section 1717.05 of the Revised Code *may* appoint agents for the purpose of prosecuting any person guilty of an act of cruelty to persons or animals."

In addition, pursuant to R.C. 2931.18:  "A *humane society or its agent* may employ an attorney, and may also employ one or more assistant attorneys to prosecute violations of law relating to . . . prevention of cruelty to animals or children" but "shall not employ an attorney or one or more assistant attorneys to prosecute a *felony violation* of section 959.131 of the Revised Code [cruelty against a companion animal]."  (Emphasis added).

The Court finds that R.C. 2931.18 is not in conflict with R.C. 1717.06, which is permissive and allows a humane society to employ a humane agent.  Moreover, the prosecution by counsel employed by a humane society of a criminal action relating to cruelty to animals does not violate the constitutional requirement that prosecutions be carried on in the name of and by the authority of the state.  *State v. Hafle*, 52 Ohio App.2d 9 (1977).

The evidence in the instant matter demonstrates that the Eastlake Prosecutor,

Defendant Judson Hawkins, did not delegate any municipal prosecution to Jeffrey Holland or his associate DanaMarie Pannella. Those individuals, who prosecuted the animal cruelty case against Plaintiff, were employed by Lake Humane Society in the exercise of its independent authority pursuant to R.C. 2931.18. (Hawkins Affidavit, ECF DKT #5-1). The Court also notes that Plaintiff was charged with and convicted of misdemeanor offenses; so, the actions of Defendants did not run afoul of the exception for felony violations found in R.C. 2931.18 (B). (ECF DKT #33, Hearing Witness and Exhibit List, Exhibit 9).

Plaintiff admits that she was given a probable cause hearing. Throughout the proceedings in the Willoughby Municipal Court, Plaintiff appeared and was represented by counsel. Plaintiff had the opportunity to challenge the validity of the charges and of the proceedings; and, in fact, filed multiple appeals. A federal court does not sit as a reviewing tribunal over state or municipal courts. Plaintiff's animal cruelty prosecution was statutorily appropriate and legally valid. Plaintiff has failed to demonstrate that her constitutional rights to due process and access to courts were denied to her.

### III. CONCLUSION

The Court concludes that Plaintiff Nadine Bechtel lacks sufficient Article III standing to assert a Fourth Amendment unreasonable seizure claim. Moreover, Plaintiff's allegations, supplemented by the evidence and testimony elicited at the November 20, 2019 Hearing, do not plausibly give rise to an entitlement to relief for Fourteenth Amendment and First Amendment violations. Therefore, Defendants' Motion (ECF DKT #6) to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted.

In view of this decision and since Plaintiff's criminal proceedings have concluded, the

Court finds that it is unnecessary to address Defendants' alternative bases for dismissal, i.e., the *Younger* abstention and Eleventh Amendment immunity.

**IT IS SO ORDERED.**

**DATE: January 13, 2020**

                                         **s/Christopher A. Boyko**
                                         **CHRISTOPHER A. BOYKO**
                                         **Senior United States District Judge**